**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **ALFRED MONTOYA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. L – 04 – CV – 101** |
| | § | |
| **FEDEX GROUND PACKAGE SYSTEM, INC.,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is the Defendant's Motion for Summary Judgment [Doc. No. 21]. The Plaintiff has not filed a response.

**Factual Background**

Alfred Montoya, Plaintiff herein, was an individual who contracted with the Defendant, a motor carrier, to provide package pick-up and delivery services. The contract specified, among other things, the Primary Service Area (hereinafter "Area") for which the Plaintiff was responsible. This Area was reconfigured in the "summer of 2002" [Doc. No. 21, p. 2], resulting in a reduction of the overall size of the Area. According to the terms of the contract, the Plaintiff was permitted to sub-contract part or all of his area to third parties. Prior to the reconfiguration, the Plaintiff had arranged for a third party to provide the services required under the contract. The area that was sub-contracted was, coincidentally, the same portion of the Area that was removed as part of the reconfiguration. When the reconfiguration was retracted – thereby restoring the Plaintiff's original delivery area – the Plaintiff once again made arrangements for a third party to fulfill his obligations under the contract with the Defendant. [Doc. No. 21, p. 3].

**The Plaintiff's Claims**

The root of the Plaintiff's complaint is a breach of contract claim, apparently based on the Defendant's reconfiguration of the Area, which the Plaintiff alleges was done without the contractually-required notice. The Plaintiff alleges that this resulted in damages "in an amount in excess of $100,000.00." [Doc. No. 1, p. 13]. In the next paragraph, Plaintiff states that he has "presented its [sic] claims to Defendant, and has often requested payment thereof, Defendant has failed and refused for more than thirty (30) days since such presentment and request, and still refuses and fails to pay the remaining balance due on said account." In a preceding paragraph, the Plaintiff implied strongly that the basis of the breach of contract claim was the reconfiguration: "Defendant reconfigured the Plaintiff's primary service without notice to the Plaintiff as required under the terms of the contract. Additionally Plaintiff sustained consequential damages as a result of Defendant's breach of said agreement." [Doc. No. 1, p. 13]. The subsequent paragraph then reveals, perhaps, the purpose of the presentment; namely, attorney's fees: "As a result of Defendant failure [sic] to meet their obligations to Plaintiff, and default on those obligations, Plaintiff has been required to employed [sic] the undersigned attorney to file and prosecute this case. Plaintiff request [sic] judgment for reasonable attorney's fees." [Doc. No. 1, p. 13].

The general reference to "obligations" fails to specify exactly which contractual duties the Defendant is alleged to have shirked. However, Rule 8(a) of the Federal Rules of Civil Procedure simply calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, "all pleadings should be so construed as to do substantial justice." FED. R. CIV. P. 8(f). Additionally, the "rights of litigants are decided on the facts placed before the court and the function of pleadings is merely to furnish the vehicle for getting the facts to the

court in orderly fashion." *Todd v. Nello L. Teer Co.*, 308 F.2d 397, 400 (5th Cir. 1962). The complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Therefore, under the pleading rules applicable to this Court, the complaint in the instant case is sufficient as a mechanism for communicating the Plaintiff's intention of bringing a breach of contract claim. Additionally, the explication of the complaint leads to the revelation of two separate bases for the breach of contract claim: first, the failure on the part of the Defendant to award the Plaintiff a second delivery route and, second, the failure of the Defendant to provide the proper notice before reconfiguring the Plaintiff's Area.

**Standard for Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The initial burden, borne by the moving party, requires a showing to the Court of the basis for the motion, as well as an identification of the portions of the record "which [the moving party] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court reviews the record by drawing all inferences most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(citing *United States v. Diebold, Inc.*, 369 U.S. 654 (1962)).

Once a moving party has met its burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The

adverse party must show more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. If an adverse party completely fails to make a showing sufficient to establish an essential element of that party's case on which they will bear the burden of proof at trial, then all other facts are rendered immaterial and the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322-323.

However, as Rule 56 "does not impose a duty on the district court to sift through the record in search of evidence to support a party's opposition to summary judgment," *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996), when evidence "exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004). Therefore, to satisfy the requirement of *Celotex* that nonmovants "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324 (quoting FED. R. CIV. P. 56(e)), the party opposing the motion for summary judgment must "identify specific evidence in the record, and [] articulate the 'precise manner' in which that evidence supported their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)(citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992)).

Hence, the granting of summary judgment involves a three-tier analysis. First, the Court determines whether a genuine issue actually exists so as to necessitate a trial. FED. R. CIV. P. 56(e). An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Second, the Court must ascertain whether that genuine issue pertains to material facts. FED. R. CIV. P. 56(e). The substantive law of the case identifies the material facts; that is, those facts that

potentially affect the outcome of the suit. *Anderson*, 477 U.S. at 248. Third, assuming no genuine issue exists as to the material facts, the Court will decide whether the moving party shall prevail solely as a matter of law. FED. R. CIV. P. 56(e).

**Choice of Law**

In diversity cases such as this one, state law governs the interpretation of the contract. *Amica Mut. Ins. Co. v. Moak*, 55 F.3d 1093 (5th Cir. 1995). More specifically, "[d]istrict courts sitting in diversity apply the choice-of-law rules of the forum state." *Smith v. EMC, Corp.*, 393 F.3d 590, 598 (5th Cir. 2004)(citing *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004)). In Texas, contractual choice-of-law provisions are typically enforced. *Id.* (citing *Access Telecomm., Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 705 (5th Cir. 1999)(citing *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677-78 (Tex. 1990)). Texas follows § 187 of the Restatement (Second) of Conflict of Laws, which, in pertinent part, reads as follows:

> Law of the State Chosen by the Parties
>
> (1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.

*DeSantis*, 793 S.W.2d at 677.

In the instant case, the terms of the contract provide that the agreement is to be "governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania." [Doc. No. 21, Ex. D, p. 37].

The Defendant characterizes the issues to be resolved as follows: "whether Mr. Montoya is entitled to attorney's fees and whether the contract requires FedEx Ground to provide Mr. Montoya with a second route." [Doc. No. 21, p. 8]. However, nowhere in the complaint does the Plaintiff explicitly fault the Defendant for failing to provide him with a second route. Rather, the

Plaintiff specifically points to the Defendant's reconfiguration – without the requisite notice – of the Plaintiff's delivery area. [Doc. No. 1, p. 7]. Regardless, these are all issues which the parties could have resolved by an explicit provision in the agreement directed to that issue. In fact, the parties did attempt to resolve the issue of notice. Therefore, the choice of law provision in the contract is valid and enforceable in the present context. Moreover, the Plaintiff has not contested the application of Pennsylvania law to the instant dispute. Accordingly, the Court takes judicial notice of the fact that Pennsylvania is the law which governs the interpretation of the contract at issue in the instant case.

**Breach of Contract**

The Defendant's motion seeks summary judgment on the "Plaintiff's claim that Defendant FedEx Ground breached its contract with Plaintiff by failing to give him a second route." [Doc. No. 21, p. 10]. The salient part of the complaint reads as follows: "Defendant agreed that as the Plaintiff's customer base and package volume in Plaintiff's primary service area increased the geographic size of the area which Plaintiff would be able to serve with his equipment would convert into a second route based on demand of package deliveries." [Doc. No. 1, p. 7-8]. The language of the complaint is not entirely clear, though it does appear to allege an entitlement to a second route. The Defendant's retort to this claim is simple: nowhere does the contract give the Plaintiff such an entitlement. The Plaintiff, as noted above, offered no response. The language of the contract not only bears out the Defendant's reading, but in fact appears to contemplate an entirely different result as the Plaintiff's customer base and package volume increase: "Contractor recognizes that, as the customer base and package volume in the Primary Service Area increases, the geographic size of the area which Contractor will be able to serve with the Equipment can be *expected to decrease*." [Doc. No. 21, Ex. D, p. 21](emphasis

added). Rather than providing the Plaintiff with a second route, the contract rather contemplates a reduction in the size of the Area when the workload increased.

Despite the Plaintiff's intimations in the complaint that his breach of contract claim may be based on the failure of the Defendant to offer him a second route, he apparently did not intend to bring that claim. The following exchange occurred during the Plaintiff's deposition:

Q: I thought I saw another [claim] that FedEx Ground had a contractual duty to give you a second route if your route got to that size?

A: No, that's not correct.

Q: Okay. So you've only got one breach of contract claim then?

A: That's correct.

Q: And that's for the reconfiguration – the improper reconfiguration of your route without written notice in 2002?

A: Correct.

[Doc. No. 21, Ex. B, p. 41].

While it appears that the Plaintiff did not intend to bring a breach of contract claim based on the Defendant's failure to award him a second route, his complaint can reasonably be interpreted to include such a claim. Such a claim, however, fails as a matter of law as there was no contractual obligation on the part of the Defendant to provide the Plaintiff with a second route. Though it appears that the Defendant may have argued against a straw man, summary judgment is hereby **GRANTED** to the Defendant on any breach of contract claim the Plaintiff may have brought based on the Defendant's failure to provide the Plaintiff with a second delivery route.[1]

---

[1] The Defendant's motion for summary judgment contends that "FedEx Ground should be granted summary judgment on this issue and the damages claimed by Mr. Montoya to have resulted from FedEx Grounds failure to

However, the Plaintiff's complaint also contained a breach of contract claim based on the Defendant's allegedly improper reconfiguration of the Plaintiff's Area; the Plaintiff's deposition confirms this. [Doc. No. 21, Ex. B, p. 41]. In order to support a claim for breach of contract, a plaintiff must establish the following: "1) the existence of a contract, including its essential terms; 2) a breach of a duty imposed by the contract; and 3) resultant damage." *Pittsburgh Const. Co. v. Griffith*, 2003 PA Super 374, ¶ 13 (citing *CoreStates Bank, N.A. v. Cutillo*, 1999 PA Super 14). The Plaintiff's complaint alleges he "sustained damages in an amount in excess of $100,000.00" [Doc. No. 1, Ex. A, p. 7]. It is unclear how the Plaintiff arrives at this number. The purpose of damages in a breach of contract case "is to return the parties to the position they would have been in but for the breach." *Id.* (citing *Birth Center v. St. Paul Companies, Inc.*, 787 A.2d 376 (Pa. 2001)). The evidence indicates that the Defendant's temporary reconfiguration of the Plaintiff's Area, while possibly done without the contractually-required notice, did not result in any damages to the Plaintiff. Before the reconfiguration, the Plaintiff had sub-contracted the area in question to a third party, [Doc. No. 21, Ex. D, p. 65], who was receiving the entirety of the compensation for servicing that area. [Doc. No. 21, Ex. D, p. 69]. Then, after the initial reconfiguration was rescinded – thereby returning to the Plaintiff his initial Area – the Plaintiff once again sub-contracted the work to third parties. [Doc. No. 21, Ex. D, p. 113-114]. The Plaintiff admitted that, during the interim period during which he was deprived of a section of his Area, he had intended to – and did – continue to sub-contract the work to a third party. [Doc. No. 21, Ex. D, p. 79]. Therefore, the Plaintiff ended up in the same position – sub-contracting to the third party – as he would have been without the alleged breach. In addition, the Plaintiff did not

---

give him a second contract route." [Doc. No. 21, p. 10]. Because of the Defendant's unusual choice of language, the Court will clarify that the award of summary judgment on a particular issue precludes any award of damages on that same issue. Therefore, the grant of summary judgment for the Defendant on the Plaintiff's breach of contract claim based on the Defendant's failure to provide a second delivery route precludes any award of damages to the Plaintiff based on this precise claim.

sustain any damages during the alleged breach, as he had intended that the deprived area would be serviced by a third party – who received the entirety of the compensation for the service of that area – for the duration of the deprivation.

Therefore, because the Defendant has offered un-rebutted evidence that the Plaintiff did not sustain any damages, the Defendant's motion for summary judgment on the breach of contract claim based on an alleged failure of the Defendant to provide adequate notice is hereby **GRANTED.**

**Attorney's Fees**

The Plaintiff's complaint "request[s] judgment for reasonable attorney's fees." [Doc. No. 1, p. 7]. As stated above, Pennsylvania law applies to this contract. In Pennsylvania, "absent a fee-shifting statutory or contract provision to the contrary . . . [p]arties to a dispute are responsible for their own attorney's fees." *DiGregorio v. Keystone Health Plan E.*, 2003 PA Super 509, ¶ 32 (citing *McClauslin v. Reliance Finance Co.*, 2000 PA Super 134). The contract at issue contains no term regarding attorney's fees, nor is there an applicable statute which imposes attorney's fees on a particular party. Therefore, each party is responsible for their own attorney's fees in this matter.

**Conclusion**

The Defendant has offered evidence that the contract contained a valid choice of law provision and that an award of attorney's fees is not proper. In addition, the Defendant has shown a dearth of evidence for the Plaintiff's breach of contract claims. Therefore, the Defendant's Motion for Summary Judgment is in all parts **GRANTED.**

IT IS SO ORDERED.

DONE this 13th day of January, 2006, in Laredo, Texas.

Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**