UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| ALFREDO MONTOYA, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. L-04-101 |
| § | |
| FEDEX GROUND PACKAGE SYSTEM § | |
| INC, § | |
| § | |
| Defendant. § | |

## OPINION & ORDER

Pending before the Court is Plaintiff Alfredo Montoya's Amended Motion for Rehearing of Defendant's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 59 and for Leave to File Plaintiff's Response to Defendant's Motion for Summary Judgment [Amended Motion for Rehearing]. [Dkt. No. 31]. Upon due consideration of the pleadings, the record and the relevant case law, the Court DENIES Plaintiff's Amended Motion for Rehearing.

## I.     Procedural Background

On May 2, 2005, Defendant Fedex Ground Package System, Inc. filed its Motion for Summary Judgment. [Dkt. No. 21]. On January 13, 2006, the Court issued its Memorandum and Order granting Defendant's Motion for Summary Judgment. [Dkt. No. 28]. On January 27, 2006, Plaintiff filed its Motion for Rehearing of Defendant's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 59 and for Leave to File Plaintiff's Response to Defendant's Motion for Summary Judgment. [Dkt. No. 30]. On January 30, 2006, Plaintiff filed his Amended Motion for Rehearing. [Dkt. No. 31]. On February 6, 2006, Defendant filed its Response to Plaintiff's Amended Motion for Rehearing of Defendant's Motion for Summary

Judgment Pursuant to Federal Rule of Civil Procedure 59 and for Leave to File Plaintiff's Response to Defendant's Motion for Summary Judgment.  [Dkt. No. 32].

## II.     Discussion

The Court has considerable discretion in deciding whether to grant or deny a motion to amend or alter under FED. R. CIV. P. 59.  *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993) (*citing Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990)).  In making its decision, the Court must consider two competing values (1) the need for finality and (2) the need to render just decisions on the basis of all the facts.  *Id*. (*citing Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d at 174).  The Fifth Circuit has held that FED. R. CIV. P. 59 motions serve the narrow purpose of allowing a party to correct manifest errors of law or fact or present newly discovered evidence.  *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).  On the other hand, FED. R. CIV. P. 59 motions are "not the proper vehicle for rehashing evidence, legal theories or arguments that could have been offered or raised before the entry of judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (*citing Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Moreover, "[r]econsideration of a judgment after entry is an extraordinary remedy that should be used sparingly."  *Id*. (*citing Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)).

Plaintiff asserts that he should be allowed to submit a response to Defendant's Motion for Summary Judgment and should be entitled to a rehearing of Defendant's Motion for Summary Judgment.  In support of his request, Plaintiff explains that "counsel's failure to file a response was a [sic] inadvertent mistake and [sic] excusable oversight in that [counsel] anticipated that Defendant's Motion for Summary Judgment would be set for a hearing and upon receiving

notice would file Plaintiff's Response pursuant to Federal Rule of Civil Procedure 56 (c)." [Dkt. No. 31 at 2]. Unfortunately, there is no supportable legal basis for excusing counsel's error.

As the Fifth Circuit noted in *Daniels v. Morris*, 746 F.2d 271, 274-75 (5th Cir. 1984), "[Federal Rule of Civil Procedure 56(c)] does not by implication require the district court to hold an oral hearing. . . . [T]he rule simply requires only that if there is an oral hearing, there be ten-days advance notice; if there is not a hearing, the adverse party must have at least ten days to respond to the motion for summary judgment." Despite what Plaintiff might think of the Court's Local Rules, the Local Rules for the United States District Court for the Southern District of Texas are even more generous than the Federal Rules providing respondent with twenty days within which a response to a motion may be filed. Local Rule 7.3. Plaintiff has provided no reason for its belief that a hearing would be scheduled. Accordingly, Plaintiff's expectation that it would receive notice of a hearing is unreasonable.

As previously noted, Rule 59 Motions are "not the proper vehicle for rehashing evidence, legal theories or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d at 478-79. Plaintiff's assertion that counsel expected notice of a hearing is without legal support and counsel's expectation was unreasonable. Plaintiff has failed to provide any other reason for failing to rebut Defendant's Motion for Summary Judgment. Because Plaintiff has failed to show the existence of a manifest error of

law or fact, or that newly discovered evidence exists, the Court DENIES Plaintiff's Amended Motion for Rehearing.

    IT IS SO ORDERED

    DONE this 3rd day of April, 2006 in Laredo, Texas.

                                            _____
                                                       Micaela Alvarez
                                        UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**